RECEIVED

2005 SEP 12 P 3: 33

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

FOREST SPEAKS,                )       CASE NO. 2:05CV873-B
                              )
        Plaintiff,            )       **COMPLAINT AND DEMAND
                              )          FOR JURY TRIAL**
        v.                    )
                              )
ELI LILLY AND COMPANY,        )
                              )
        Defendant.            )
_____)

## COMPLAINT

Comes now Plaintiff, Forest Speaks, and for his complaint against Defendant states the following:

### STATEMENT OF PARTIES

1.      Plaintiff, FOREST SPEAKS, is an individual over the age of nineteen (19) years and a resident of Elmore County, Alabama.

2.      At all times herein mentioned, Defendant ELI LILLY AND COMPANY, (hereafter "ELI LILLY") was and is a corporation existing under the laws of incorporation of the State of Indiana, with its principal place of business in Indianapolis, Indiana.  At all times relevant to this action, Defendant Eli Lilly conducted business in the State of Alabama, and within this judicial district.  At all times relevant to this action, Defendant ELI LILLY engaged in interstate commerce in this judicial district, by designing, manufacturing, testing, analyzing, distributing, recommending, merchandising, advertising, promoting, supplying and selling to distributors, and retailers for resale to physicians, hospitals, medical practitioners and the general public, a certain

1

pharmaceutical product, hereinafter referred to as ZYPREXA (also known as OLANZAPINE).

## JURISDICTION AND VENUE

3.     For those reasons alleged throughout, this Court has jurisdiction over the Defendant and this action pursuant to 28 U.S.C. Section 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and because the amount in controversy exceeds $75,000,000, exclusive of interest and cost, and because, among other reasons, the Defendant has significant contacts with this District by virtue of doing business within this judicial district which is also the Plaintiff's judicial district of residence.

4.     Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(a) and (d) because a substantial part of the events and/or omissions giving rise to these claims occurred within this district and because of those other reasons more fully alleged herein.

## FACTUAL ALLEGATIONS

5.     Plaintiff ingested Zyprexa manufactured by Defendants ELI LILLY and sustained serious injuries.

6.     As a direct, proximate, and legal result of the ingestion of Zyprexa, Plaintiff suffered injuries, all to his general damage in a sum in excess of the jurisdictional amount required by this Court.

7.     As a direct, proximate, and legal result of the ingestion of Zyprexa, Plaintiff was required to, and did, employ physicians and other medical professionals to examine, treat, and care for him and therefore Plaintiff incurred medical and incidental expenses.

2

8.     As a further direct, proximate, and legal result of the ingestion of ZYPREXA, Plaintiff was prevented from attending to his usual occupation and thereby sustained loss of earnings.

9.     ZYPREXA is among a group of drugs called the "atypical antipsychotic drugs" prescribed for the treatment of certain disorders. Among these disorders are schizophrenia and bipolar mania.

10.     At all times relevant, to this action the Defendant Eli Lilly manufactured, created, designed, tested, labeled, sterilized, packaged, distributed, supplied, marketed, sold, advertised, and otherwise distributed ZYPREXA.

11.     ZYPREXA has been widely advertised by the Defendant as an effective treatment for bipolar disorder and schizophrenia, with fewer adverse side effects than other treatments.

12.     Defendant Eli Lilly further induced physicians to prescribe ZYPREXA for treating disorders for which the FDA had not approved ZYPREXA.

13.     Defendant Eli Lilly aggressively marketed ZYPREXA in the United States, and in this judicial district.

14.     Defendant Eli Lilly undertook advertising campaigns promoting the virtues of ZYPREXA in order to induce widespread use of the product.

15.     The advertising, by affirmation, misrepresentation and/or omission, falsely and fraudulently sought to create the image and impression that the use of ZYPREXA was safe for human use and had fewer side effects and adverse reactions than other methods of treatment for bipolar disorder and schizophrenia.

3

16.    Defendant purposefully minimized and understated health hazards and risks associated with ZYPREXA. Defendant, through literature and oral statements, deceived potential users of ZYPREXA and their physicians by relaying positive information, including testimonials from satisfied users and by manipulating statistics to suggest widespread acceptability, while downplaying the known adverse and serious health effects of the drug. Defendant falsely and fraudulently withheld relevant information from potential users of ZYPREXA.

17.    Plaintiff is informed and believes and thereon alleges that total profits from the sale of ZYPREXA exceeds billions of dollars.

18.    At least as early as 1998, the medical literature conclusively revealed data that linked ZYPREXA with causing diabetes. An indicative report was published on October 15, 1998, in the Society of Biological Psychiatry, Volume 44, Number 8, pages 778-83, titled "Novel Antipsychotics and New Onset Diabetes." Other numerous reports and studies are prevalent throughout the medical literature from 1998 through the present which, detail a causal link between the ingestion of ZYPREXA and the development of hyperglycemia, diabetes and ketoacidosis, as well as many other undisclosed risks.

19.    On July 1, 2002, Duke University Medical Center issued a Press Release about a finding that linked ZYPREXA to early onset diabetes. The researchers identified 289 cases of diabetes in patients who had been prescribed ZYPREXA. These findings were published on July 2, 2002, in the Medical Journal of Pharmacotherapy, Vol. 22, No. 7, pages 841-52. The known danger that the Defendant's product ZYPREXA was causing hyperglycemia and diabetes was never indicated in any manner by Defendant to Plaintiff

4

or to Plaintiff's physician who prescribed the product to Plaintiff. Plaintiff was unaware of said defect of said product prior to ingesting ZYPREXA.

20.    The physician who prescribed ZYPREXA to Plaintiff relied on the representations made to him by Defendant prior to the date of prescribing ZYPREXA for use. The physicians relied on the representations regarding the safety of ZYPREXA, and would not have recommended for use or prescribed ZYPREXA if he had known the true facts regarding the safety of ZYPREXA.

21.    Prior to the date upon which the aforesaid product was prescribed to Plaintiff, Defendant knew, or should have known, that the product was extremely dangerous and unsafe for use by the general public for the aforesaid purpose. The dangers of this product included, by way of example, the likelihood of developing hyperglycemia, pancreatitis, diabetes or ketoacidosis and other injuries. Defendant failed to take appropriate action to cure the nature of these defects or to warn users of the product or their physicians of such dangerous characteristics.

22.    Defendant thereby acted with malice toward Plaintiff, who accordingly requests that the trier of fact, in the exercise of its sound discretion, award punitive damages for the sake of example and for the purpose of punishing the Defendant for its conduct, in an amount sufficiently large to be an example to others and to deter these Defendant and others like them from engaging in similar conduct in the future. The aforesaid wrongful conduct was done with the advance knowledge, authorization, and/or ratification of an officer, director, and/or managing agent of Defendant Eli Lilly.

5

## FIRST CAUSE OF ACTION

### [ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE]

23.    Plaintiff realleges and incorporates by reference as if fully set forth herein each and every allegation in paragraph 1-22, inclusive, of this Complaint.

24.    At all material times, the Defendant has been engaged in the business of selling, distributing, manufacturing, marketing and promoting Zyprexa, a pharmaceutical product that is unreasonably dangerous, and therefore defective.

25.    At all material times, Zyprexa was sold, distributed, manufactured, promoted and marketed by the Defendant and was expected to reach, and did reach consumers, including the Plaintiff, without substantial change in the condition in which it left the possession of Defendant.

26.    Plaintiff was unaware of the significant hazards and defects in the Zyprexa medication, both because of Lily's failure to inform the medical and pharmacist community of these hazards and defects (including Plaintiff's doctors and pharmacists), and because Lily failed to provide direct information to its Zyprexa consumers (including the Plaintiff) of these hazards and defects.  For these reasons, Zyprexa was unreasonably dangerous in that it was more dangerous than would be reasonably contemplated by the ordinary user who knew the truth.  During the periods Plaintiff was taking Zyprexa, the medication was utilized in a manner which was intended by Defendant.

27.    Defendant had superior knowledge of the defective and/or unreasonably dangerous nature of Zyprexa.  Defendant held itself out to Plaintiff and the medical community as having superior knowledge of the alleged safety and efficacy of Zyprexa.  Plaintiff neither knew nor had reason to know of the defective condition of Zyprexa.

28. As a direct and proximate result of the actions and inactions of the Defendant as set forth above, Plaintiff used Zyprexa and developed Zyprexa-related Diabetes Mellitus, pancreatitis, hyperglycemia and/or ketoacidosis with related serious mental, physical, and emotional injuries and economic damages.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant in a sum in excess of the jurisdictional requirement of this Court; for his costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## SECOND CAUSE OF ACTION

### [Strict Products Liability Failure to Warn]

29. Plaintiff hereby incorporates by reference as if fully set forth herein each and every allegation in paragraph 1-28, inclusive, of this Complaint.

30. Defendant has engaged in the business of selling, distributing, supplying, manufacturing, marketing and/or promoting ZYPREXA, and through that conduct it has knowingly and intentionally placed ZYPREXA into the stream of commerce with full knowledge that it would arrive in the judicial district where the Plaintiff ingested it. Defendant did in fact sell, distribute, supply, manufacture, and/or promote, individually and collectively, ZYPREXA to Plaintiff, and to his prescribing physician. Additionally, Defendant expected the ZYPREXA they were selling, distributing and supplying, manufacturing and/or promoting to reach, and ZYPREXA did in fact reach, prescribing physicians and consumers in this State and in this judicial district, including Plaintiff, and his prescribing physician, without substantial change in the condition of the product.

7

31.    At all times herein mentioned the aforesaid product was defective and unsafe in manufacture, and was so at the time it was distributed by Defendant and ingested by Plaintiff.  Given the severity of the adverse effects of ZYPREXA, the aforesaid product was defective in that it was not properly prepared and/or was not accompanied by proper warnings regarding all possible adverse side effects associated with the use of ZYPREXA.  These defects caused serious injuries to the user when ZYPREXA was used in its intended and foreseeable manner, i.e., when it was ingested as prescribed, and in the manner recommended by Defendant.

32.    Defendant knew that the aforesaid product was to be used by the user without inspection for defects therein.

33.    The Plaintiff used the product for its intended purpose.

34.    The aforesaid product was unaccompanied by warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.  The reasonably foreseeable use of the product, i.e., ingestion to aid in treating bipolar disorder and/or schizophrenia, involved substantial dangers not readily recognizable by the ordinary user of the product.  Defendant failed to warn of the known or knowable likelihood of injury including but not limited to the likelihood the user would develop diabetes, pancreatitis, hyperglycemia and/or ketoacidosis.

35.    Plaintiff did not know, nor did Plaintiff have reason to know, at the time of the use of the aforesaid product, or at any time prior thereto, of the existence of the foregoing described defects.  These defects caused Plaintiff the injuries described herein and the injuries from which the Plaintiff continues to suffer.

36.    Defendant knew that the aforesaid product was to be used by the user without inspection for defects therein and that the aforesaid product was unaccompanied by warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

37.    Plaintiff neither knew, nor had reason to know, at the time of the use of aforesaid product, or at any time prior thereto, of the existence of the foregoing described defects.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant in a sum in excess of the jurisdictional requirement of this Court; for his costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## THIRD CAUSE OF ACTION

### [Strict Products Liability/Defective Product]

38.    Plaintiff hereby incorporates by reference as if fully set forth herein, each and every allegation contained in paragraphs 1 through 37, inclusive, of this Complaint.

39.    Defendant has engaged in the business of selling, distributing, supplying, manufacturing, marketing and/or promoting ZYPREXA, and through that conduct has knowingly and intentionally placed ZYPREXA into the stream of commerce with full knowledge that it would arrive in the judicial district where the Plaintiff ingested it. Defendant did in fact sell, distribute, supply, manufacture, and/or promote, individually and collectively, ZYPREXA to Plaintiff, and his prescribing physician.  Additionally, Defendant expected the ZYPREXA it was selling, distributing and supplying, manufacturing and/or promoting to reach, and did in fact reach, prescribing physicians

9

and consumers in this State and in this judicial district, including Plaintiff, and his prescribing physician, without substantial change in the condition of the product.

40.    The ZYPREXA manufactured and/or supplied by Defendant was placed into the stream of commerce by this Defendant in a defective and unreasonably dangerous condition in that the foreseeable risks exceeded the benefits associated with the design or formulation.

41.    Alternatively, the ZYPREXA manufactured and/or supplied by Defendant was defective in design or formulation in that when it was placed in the stream of commerce, it was unreasonably dangerous, it was more dangerous than an ordinary consumer would expect, and it was more dangerous than other forms of treatment.

42.    The ZYPREXA manufactured and/or supplied by Defendant was defective due to inadequate warning or instruction because the Defendant knew or should have known that the product created a risk of harm to consumers and that the Defendant failed to adequately warn of said risks.

43.    The ZYPREXA manufactured and/or supplied by Defendant was defective due to inadequate warning and/or inadequate testing.

44.    As designed the ZYPREXA contained unreasonably dangerous design defects and was not reasonably safe as intended making the risks of ZYPREXA outweigh its benefits and subjecting Plaintiff to risks which exceeded the benefits of the ZYPREXA.

45.    The ZYPREXA manufactured and/or supplied by Defendant was defective due to inadequate post-marketing warning or instruction because after Defendant knew or

should have known of the risk of injury from ZYPREXA, it failed to provide adequate warnings to users or consumers of the product and continued to promote the product.

46.    The Plaintiff used the product for its intended purpose.

47.    As a proximate and legal result of the defective unreasonably dangerous condition of these products manufactured and/or supplied by Defendant, Plaintiff was caused to suffer the herein described injuries from which the Plaintiff continues to suffer.

48.    WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant in a sum in excess of the jurisdictional requirement of this Court; for his costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

<h3 style="text-align:center">FOURTH CAUSE OF ACTION</h3>

<strong>[Negligence]</strong>

49.    Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 48, inclusive, of this Complaint.

50.    At all times herein mentioned, Defendant had a duty to properly design, manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain supply, provide proper warnings and take such steps to assure that the product did not cause users to suffer from unreasonable and dangerous side effects.

51.    At all times herein mentioned, Defendant knew, or in the exercise of reasonable care should have known, that the aforesaid product was of such a nature that if it was not properly manufactured, compounded, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied and prepared and provided with proper warnings, it was likely to injure the product's user.

11

52.    Defendant so negligently and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, over promoted and supplied the aforesaid products that it was dangerous and unsafe for the use and purpose for which it was intended.

53.    Defendant negligently failed to warn of the nature and scope of dangers associated with ZYPREXA.

54.    Defendant was aware of the probable consequences of the aforesaid conduct. Despite the fact that Defendant knew or should have known that ZYPREXA caused serious injuries, it failed to disclose the known or knowable risks associated with the products as set forth above. Defendant willfully and deliberately failed to avoid those consequences, and in doing so, Defendant acted with a conscious disregard for the safety of Plaintiff.

55.    As a result of the carelessness and negligence of Defendant as alleged herein and in such other ways to be later shown, the aforesaid product caused Plaintiff to sustain injuries as herein alleged.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant in a sum in excess of the jurisdictional requirement of this Court; for his costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## FIFTH CAUSE OF ACTION

### [Breach of Implied Warranty]

12

56.     Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 49, inclusive, of this Complaint.

57.     At all times mentioned herein, Defendant manufactured, compounded, packaged, distributed, recommended, merchandised, advertised, promoted, supplied and sold the aforesaid product, and prior to the time it was prescribed to Plaintiff, Defendant impliedly warranted to Plaintiff that the product was of merchantable quality and safe for the use for which it was intended.

58.     Plaintiff reasonably relied on the skill and judgment of the Defendant in using the aforesaid product.

59.     The product was unsafe for its intended use and it was not of merchantable quality, as warranted by Defendant in that it had very dangerous propensities when put to its intended use and would cause severe injury to the user. The aforesaid product was unaccompanied by warnings of its dangerous propensities that were either known or reasonably scientifically knowable at the time of distribution. As a direct and proximate result of the Defendant's breach of warranty, the Plaintiff sustained damages as alleged herein.

60.     The aforesaid product caused Plaintiff to sustain injuries and Plaintiff to sustain damages as herein alleged.

61.     After Plaintiff was made aware that his injuries were a result of the aforesaid product, notice was duly given to Defendant of the breach of said warranty.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant in a sum in excess of the jurisdictional requirement of this

Court; for his costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

**SIXTH CAUSE OF ACTION**

**[Breach of Express Warranty]**

62.    Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 61, inclusive, of this Complaint.

63.    The aforementioned manufacturing, compounding, designing, distributing, testing, constructing, fabricating, analyzing, recommending, merchandizing, advertising, promoting, supplying and selling of the aforesaid product was expressly warranted to be safe for use by Plaintiff and other members of the general public.

64.    The Defendant expressly warranted that ZYPREXA was safe.

65.    ZYPREXA failed to conform to the Defendant's warranties because ZYPREXA was not safe.

66.    At the time of the making of the express warranties, Defendant had knowledge of the purpose for which the aforesaid product was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose. The aforesaid product was unaccompanied by warnings of its dangerous propensities that were either known or knowable at the time of distribution.

67.    Plaintiff and his physician reasonably relied upon the skill and judgment of Defendant, and upon said express warranty, in using the aforesaid product. The warranty and representations were untrue in that the product caused severe injury to Plaintiff and was unsafe and, therefore, unsuited for the use for which it was intended. The aforesaid product could and did thereby cause Plaintiff to sustain injuries and Plaintiff to sustain damages as herein alleged.

14

68.    As soon as the true nature of the product, and the fact that the warranty and representations were false, were ascertained, said Defendant was notified of the breach of said warranty.

69.    As a direct and proximate result of the breach of these warranties, Plaintiff sustained damages as alleged herein.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant in a sum in excess of the jurisdictional requirement of this Court; for his costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## SEVENTH CAUSE OF ACTION

### [Fraud]

70.    Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraph 1 through 64, inclusive, of this Complaint.

71.    The Defendant falsely and fraudulently represented to Plaintiff, his physicians and members of the general public, that the aforesaid product was safe for use to aid in treating bipolar disorder and schizophrenia. The representations by said Defendant were, in fact, false. The true facts include, but are not limited to the fact that the aforesaid products were not safe for their stated purpose, and it was, in fact, dangerous to the health and body of Plaintiff.

72.    The representations by Defendant were, in fact, false. The true fact that the products were not adequately tested, that there were frequent, severe, protracted, debilitating, difficult, life threatening and disabling side effects and adverse effects of the products, including but not limited to the development of diabetes, pancreatitis,

15

hyperglycemia and ketoacidosis, and death. Defendant did not disclose or warn the Plaintiff or his physician about the known risk of injury in using the product. Defendant misrepresented the safety of the product, represented that the product as marketed was safe for use in bipolar disorder and schizophrenia treatment and concealed warnings of the known or knowable risks of injury in using the product.

73.    When Defendant made these representations, it knew that it was false. Defendant made said representations with the intent to defraud and deceive Plaintiff and with the intent to induce him to act in the manner herein alleged.

74.    At the time Defendant made the aforesaid representations, and at the time Plaintiff took the actions herein alleged, Plaintiff and his physician were ignorant of the falsity of these representations, reasonably believed them to be true, and relied upon them. In reliance upon said representations, Plaintiff was induced to, and did, use the aforesaid product as described herein.

75.    If Plaintiff had known the actual facts, he would not have taken the produce at issue.

76.    The reliance of Plaintiff and his physician upon Defendant's representations was justified because said representations were made by individuals and entities that appeared to be in a position to know the true facts.

77.    As a result of Defendant's fraud and deceit, Plaintiff was caused to sustain the herein described injuries.

78.    In doing the acts herein alleged, Defendant acted with oppression, fraud, and malice, and Plaintiff is therefore entitled to punitive damages to deter Defendant and others from engaging in similar conduct in the future. Said wrongful conduct was done

with the advance knowledge, authorization and/or ratification of an officer, director and/or managing agent of Defendant.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant in a sum in excess of the jurisdictional requirement of this Court; for his costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

### EIGHTH CAUSE OF ACTION

### [Fraud by Concealment]

79.    Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraph 1 though 78, inclusive, of this Complaint.

80.    At all times relevant to this action, Defendant had the duty and obligation to disclose to Plaintiff and to his physician, the true facts concerning the aforesaid product, specifically that said product was dangerous and defective and how likely it was to cause serious consequences to users, including injuries and death, and how unnecessary it was to use said product for the purposes indicated.  Defendant made affirmative representations as set forth herein to Plaintiff, his physician and the general public prior to the date ZYPREXA was prescribed to Plaintiff, while concealing the following material facts.

81.    At all times relevant to this action, Defendant had the duty and obligation to disclose to Plaintiff and to his physician the true facts concerning the aforesaid product; that is, that use would cause injuries including but not limited to diabetes, pancreatitis, hyperglycemia and ketoacidosis.

17

82.    At all times relevant to this action, Defendant intentionally, willfully, and maliciously concealed or suppressed the facts set forth herein from Plaintiff's physician with the intent to defraud as herein alleged.

83.    At all times herein mentioned, neither Plaintiff nor his physician were aware of the facts set forth above, and had they been aware of said facts, they would not have acted as they did, that is, they would not have utilized the product.

84.    As a result of the concealment or suppression of the facts set forth above, Plaintiff suffered injuries as set forth herein.

85.    In doing the actions herein alleged, Defendant acted with oppression, fraud, and malice and Plaintiff is therefore entitled to punitive damages in an amount reasonably related to Plaintiff's actual damages, and to Defendant's wealth, and in an amount sufficiently large to be an example to others, and to deter this Defendant and others like it from engaging in similar conduct in the future.

86.    That at all times relevant to this action, Defendant intentionally, willfully, and maliciously concealed or suppressed the facts set forth herein from Plaintiff's physician and therefore from Plaintiff, with the intent to defraud Plaintiff as herein alleged.

87.    At all times herein mentioned, neither Plaintiff nor his physician were aware of the facts set forth above, and had they been aware of said facts, they would not have acted as they did, that is, Plaintiff's physician would not have prescribed Zyprexa to Plaintiff and Plaintiff would not have ingested it.

88.    As a result of the concealment or suppression of the facts set forth above, Plaintiff suffered injuries as set forth herein.

89.    In doing the action herein alleged, Defendant acted with oppression, fraud, and malice and Plaintiff is therefore entitled to punitive damages in an amount reasonably related to Plaintiff's actual damages, and to Defendant's wealth, and in an amount sufficiently large to be an example to others, and to deter this Defendant and others like it from engaging in similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant in a sum in excess of the jurisdictional requirement of this Court; for his costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## NINTH CAUSE OF ACTION

### [Unjust Enrichment as to Defendants]

90.    Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraph 1 though 89, inclusive, of this Complaint.

91.    As a direct, proximate, and foreseeable result of Defendant's acts and otherwise wrongful conduct, Plaintiff was gravely harmed.    Defendant profited and benefited from the sale of ZYPREXA, even as it injured Plaintiff.

92.    Defendant has voluntarily accepted and retained these profits and benefits, derived from consumers, including Plaintiff, with full knowledge and awareness that, as a result of Defendant's unconscionable and intentional wrongdoing, consumers, including Plaintiff were not receiving products of the quality, nature, fitness, or value that had been represented by Defendant or that reasonable consumers expected.    Plaintiff purchased medicine that he expected would improve his health, and instead found his health destroyed.

19

93.    By virtue of the conscious wrongdoing alleged in this Complaint, Defendant has been unjustly enriched at the expense of the Plaintiff, who is entitled to in equity, and hereby seeks, the disgorgement and restitution of Defendant's wrongful profits, revenue, and benefits, to the extent, and in the amount deemed appropriate by the Court; and such other relief as the Court deems just and proper to remedy Defendant's unjust enrichment.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant in a sum in excess of the jurisdictional requirement of this Court; for his costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried by a jury.

## TENTH CAUSE OF ACTION

### [Wantonness]

94.    Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraph 1 though 94, inclusive, of this Complaint.

95.    Defendant wantonly, recklessly and without regard for safety of Plaintiff manufactured, designed, tested, researched and developed, labeled, packaged, distributed, promoted, marketed, advertised, and sold Zyprexa in the State of Alabama.

96.    At all material times, Defendant had a duty to exercise reasonable care in the design, manufacture, testing, research and development, processing, advertising, marketing, labeling, packaging, distribution, promotion and sale of its medications, including Zyprexa.

97.    Defendant breached its duty and was wanton and reckless in its actions, misrepresentations, and omissions, in that Defendant wantonly, recklessly and/or with utter disregard for the Plaintiff's health and safety:

a.    Failed to include adequate warnings with Zyprexa that would alert Plaintiff and other consumers to the potential risks and serious side effects of Zyprexa ingestion;

b.    Failed to include adequate information or warnings with the medication that would alert Plaintiff and the health care community and pharmacist community to refrain from prescribing or providing Zyprexa to individuals such as Plaintiff;

c.    Failed to adequately and properly test Zyprexa before and after placing it on the market;

d.    Failed to adequately warn Plaintiff and Plaintiff's health care providers that use of Zyprexa carried with it the risk of developing diabetes mellitus, pancreatitis, hyperglycemia, diabetic ketoacidosis, and diabetic coma, as well as other severe and permanent health consequences;

e.    Failed to provide adequate post-marketing warnings or instructions after the Defendant knew or should have known of the significant risks of personal injury and death, among other serious side effects, from the use of Zyprexa;

f.    Failed to adequately disclose and warn Plaintiff that Plaintiff undertook the risk of adverse events and death;

21

g.      Failed to adequately and timely inform the health care industry of the risks

of serious personal injury and death from Zyprexa ingestion; and

98.     As a direct and proximate result of the actions and inactions of the

Defendant as set forth above, Plaintiff used Zyprexa and suffered Zyprexa related a

condition, including but not limited to hyperglycemia with related serious mental,

physical, and emotional injuries and economic damages.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his

favor and against Defendant in a sum in excess of the jurisdictional requirement of this

Court; for his costs herein incurred; for such other and further relief as this Court deems

just and proper; and demands that the issues herein contained be tried by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief from Defendant as follows:

a.      Compensatory damages;

b.      Punitive and exemplary damages.  In support of said damages, Plaintiff

incorporates by reference all preceding and following paragraphs as if fully set forth

herein.  Plaintiff is entitled to punitive damages because Defendant acted wantonly and/or

with intentional and reckless indifference to Plaintiff's safety and well-being.  Defendant

misled both the medical community and the public at large, including Plaintiff, by

making false and misleading representations about the safety of ZYPREXA.  Defendant

understated and/or disregarded their knowledge of the serious and permanent adverse

effects associated with the use of ZYPREXA despite available information demonstrating

that their product was likely to cause serious, and sometimes, fatal side effects to users,

like Plaintiff.   Defendant  is  or  should  have  been  in  the  possession  of  evidence

22

demonstrating that ZYPREXA caused serious adverse reactions. Nevertheless, Defendant continued to market ZYPREXA by providing false and misleading information as to the safety of the product. Accordingly, punitive damages are warranted, and should be awarded to Plaintiff as determined at trial.

     c.     For general damages in a sum in excess of the jurisdictional minimum of this Court;

     d.     For special damages in a sum in excess of the jurisdictional minimum of this Court;

     e.     For consequential damages in excess of the jurisdictional minimum of this Court, according to proof;

     f.     For medical, incidental, and hospital expenses according to proof;

     g.     For lost income, wages and lost earnings capacity according to proof;

     h.     For pain and suffering;

     i.     For mental and emotional anguish;

     j.     For prejudgment and post judgment interest as provided by law;

     k.     For full refund of all purchase costs Plaintiff paid for ZYPREXA;

     l.     For attorneys' fees, expenses, and costs of this action; and,

     m.     For such further relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all causes of action set forth herein.

Respectfully Submitted,

Joe R. Whatley, Jr.
W. Todd Harvey
Attorneys for Plaintiff

**OF COUNSEL:**

WHATLEY DRAKE, L.L.C.
2323 Second Avenue North
P.O. Box 10647
Birmingham, Alabama 35202-0647
(205) 328-9576

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

National Registered Agents, Inc. (Registered Agents for Eli Lilly)
150 S. Perry Street
Montgomery, AL 36104