IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FOREST SPEAKS, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: 2:05 cv 873-F |
| ELI LILLY AND COMPANY, | ) |
| Defendant. | ) |

**MOTION BY DEFENDANT ELI LILLY AND COMPANY TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**INTRODUCTION**

Defendant, Eli Lilly and Company ("Lilly") respectfully moves this Court to stay all proceedings in this action pending its transfer to *In re Zyprexa Prods. Liab. Litig.* (MDL-1596), which is the MDL proceeding established in the Eastern District of New York to coordinate all products liability cases sharing allegations concerning the safety of Zyprexa®.

This case shares with many other cases filed in both federal and state courts around the country, already transferred to MDL-1596, common questions of fact and law involving the prescription medication Zyprexa®, including its safety profile, marketing, and the adequacy of its labeling. Lilly has notified the Judicial Panel on Multidistrict Litigation (the "Panel") that this action is suitable for transfer to MDL-1596, by filing a "tag-along" action pursuant to J.P.M.L. Rule 7.5 (See Exhibit A). The Panel issued a Conditional Transfer Order relating to this case on October 3, 2005 (See Exhibit B). Accordingly, to achieve the judicial

economies underlying Section 1407, Lilly asks this Court to stay all proceedings in this action and refrain from addressing any issue pending transfer of this case to the MDL Court.

## BACKGROUND

### A. MDL-1596

As of October 26, 2005, more than two hundred Zyprexa® cases have been filed in or transferred to the United States District Court for the Eastern District of New York (the "MDL Court") by the Panel for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL 1596"). Each of these cases presents certain overlapping questions of fact and they allege similar theories of liability and injury stemming from plaintiffs treatment with Zyprexa®. For example, plaintiffs are seeking or likely will seek much of the same discovery from Lilly pertaining to its development and pre-market and post-market testing of Zyprexa®, including depositions of the same employees and experts.

The Panel, in its initial Transfer Order, stated that all the cases "share allegations concerning the safety of Zyprexa, a prescription drug used in the treatment of schizophrenia." The Panel further found that the cases involved common questions of fact and that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the "just and efficient conduct of this litigation." April 14, 2004 Transfer Order, *In re Zyprexa Prods. Liab. Litig., Docket No. 1596*, attached as Exhibit C. The Panel also observed that "Section 1407 centralization will thus enable pretrial proceedings to be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." *Id.*

### B. The Instant Action

Plaintiff commenced this action on September 12, 2005, by filing his Complaint with this Court. On October 6, 2005, Lilly filed an Answer to the Complaint and joined in

2

Plaintiff's Jury Demand.  On October 24, 2005, Lilly received notice from the Court that the parties' Rule 26(f) report would be due no later than November 14, 2005.  On October 26, 2005, Lilly filed this Motion to Stay.  It is indisputable that this case involves the same factual inquiries that the Panel noted were present in Zyprexa® cases generally, which warranted coordinated or consolidated pre-trial proceedings in the Eastern District of New York.

## ARGUMENT

### I.   THIS CASE SHOULD BE STAYED PENDING TRANSFER TO THE MDL

This Court should exercise its discretion to stay all proceedings in this action pending transfer of this case for consolidated or coordinated pretrial proceedings before Judge Weinstein, who is familiar with all of the common factual and legal issues relating to the Zyprexa® cases and has previously considered removal issues similar to the ones present in this case.  A stay of proceedings would promote judicial economy, avoid inconsistent rulings by different district courts and avoid prejudice to both plaintiff and defendant.

### A.   The Court has The Inherent Power to Stay Proceedings In The Interests of Judicial Economy and Uniformity

This Court's power to stay its proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (19967) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket").  Granting a stay pending a decision by the Panel to transfer the action "is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.,* 980 F.Supp. 1358, 1360 (C.D. Cal. 1997) (citations omitted).

3

**B.     A Stay Would Promote Judicial Economy And Efficiency**

Due to the overlapping factual issues and the similarities of the legal theories propounded in the Zyprexa® cases pending in federal court, including this action, a great deal of work would be needlessly duplicated if pretrial proceedings and discovery were to go forward on a parallel track with MDL-1596. Most courts have granted motions to stay when there is the potential for inefficient use of judicial resources, as is the case where transfer by the JPML is pending. *See e.g., Rivers* 980, F. Supp. at 1362 ("[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved").

Moreover, should this Court deny the stay request, any rulings that this Court makes prior to its transfer to Judge Weinstein's court will most likely be reconsidered after transfer. It was this concern that prompted the *U.S. Bank* court to note, "[i]f the MDL motion is granted, all of the Court's time, energy and acquired knowledge regarding the action and its pretrial procedures will be wasted." 2002 WL 31114069, at *2 (granting defendant's motion to stay). Therefore, this Court should not waste its limited resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge." *Rivers*, 980 F.Supp. at 1360.

**C.     A Stay Will Prevent Inconsistent Decisions On Common Factual And Legal Issues**

As the JPML recognized long ago, the "remedial aim" of multidistrict litigation is "to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions." *In re Plumbing Fixture Cases*, 298 F.

4

Supp. 484, 491-92 (J.P.M.L. 1968). Thus, to avoid risking inconsistent substantive legal rulings, district courts regularly stay pretrial proceedings.[1]

WHEREFORE, pending the transfer of this case, a stay of all proceedings, including the parties' obligations under Rule 26, is necessary and appropriate to achieve the judicial economies that underlie Section 1407. Lilly respectfully requests that such a stay be issued.

s/ James C. Barton, Jr.
James C. Barton, Jr. (BAR014)
Bar Number: ASB-0237-B51J
Email: jbartonjr@jbpp.com

s/ Alan D. Mathis
Alan D. Mathis (MAT052)
Bar Number: ASB-8922-A59M
Email: adm@jbpp.com

Attorneys for defendant
Eli Lilly and Company

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
(205) 458-9400
(205) 458-9500 (fax)

[1] *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (recognizing that "[c]onsistency as well as economy is thus served" when proceedings are stayed pending transfer); *Rivers*, 980 F. Supp. at 1360-61 (concluding that, *inter alia*, the potential for conflicting decisions weighed in favor of a stay); *Good*, F. Supp. 2d at 807 (granting a stay pending a transfer decision by the JPML because "[t]he purpose of such transfers is . . . to ) eliminate the potential for conflicting pretrial rulings"); *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("judicial economy and prejudice to defendant weigh heavily in favor of [a] stay" when defendant may be forced to litigate similar motions that may result in conflicting rulings); *Med. Soc.*, 187 F. Supp. 2d at 92 (granting stay of all proceedings, including remand motion, because "there are significant economies in having a single court decide a jurisdictional question which has arisen and presumably will continue to arise in cases around the nation"). *Mathern*, 2004 WL 1922028, at *1 ("a stay of this case pending transfer to the MDL will promote judicial efficiency and avoid conflicting rulings"); *Knearem*, 2002 WL 1173551, at *1 ("Granting a stay of this litigation avoids the possibility of inconsistent pretrial rulings.").

**OF COUNSEL:**

Nina M. Gussack
Barry H. Boise
DaQuana Carter
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103
(215) 981-4000
(215) 981-4750 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court on October 26, 2005, using the CM/ECF system, which will send notification of such filing to the following:

> Joe R. Whatley, Jr.
> William Todd Harvey
> WHATLEY DRAKE, L.L.C.
> 2323 Second Avenue North
> P.O. Box 10647
> Birmingham, Alabama  35202-0647
> (205) 328-9576

s/ Alan D. Mathis
Of Counsel

W0530987.DOC